# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
NORTHWEST ADMINISTRATORS, INC.,

### DEFENDANTS
COASTSIDE SCAVANGER COMPANY, a California corporation, doing business as COASTSIDE/SEACOAST DISPOSAL CO.

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)
SAN MATEO

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
ERSKINE & TULLEY
220 Montgomery St., Suite 303
San Francisco, CA 94104
(415) 392-5431

Attorneys (If Known)

MEJ  E-filing

ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury — Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury — Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus: | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | | [X] 791 Empl. Ret. Inc. Security Act | | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | | FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | 463 Habeas Corpus - Alien Detainee | | |
| | | | 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Section 502 of the Employer Retirement Income Security Act [29 U.S.C. §1132]. This action seeks to compel defendants to pay delinquent trust fund contributions pursuant to the collective bargaining agreement and other agreements executed by defendants and TEAMSTERS UNION

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND     [ ] SAN JOSE

DATE 8/26/08

SIGNATURE OF ATTORNEY OF RECORD

MICHAEL J. CARROLL (ST.BAR# 50246)

```
ERSKINE & TULLEY
A PROFESSIONAL CORPORATION
MICHAEL J. CARROLL (St. Bar #50246)
220 Montgomery Street, Suite 303
San Francisco, CA  94104
Telephone:  (415) 392-5431
Fax:  (415) 392-1978

Attorneys for Plaintiff
```

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 08            4111

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC., | NO. _____ |
| Plaintiff, | COMPLAINT |
| vs. | |
| COASTSIDE SCAVANGER COMPANY, a California corporation, doing business as COASTSIDE/SEACOAST DISPOSAL CO. | |
| Defendant. | |

Plaintiff complains of defendant and for a cause of action alleges that:

1.  Jurisdiction of this Court is founded upon Section 301(c)(1) of the National Labor Relations Act of 1947 [29 U.S.C. § 185(a)] and Section 502 of the Employee Retirement Income Security Act of 1974, said Act being hereinafter referred to as "ERISA" (29 U.S.C. 1132), in that defendant has violated a collective bargaining agreement and certain Trust Agreements, thereby violating the provisions of ERISA and the provisions of the National Labor Relations Act of 1947.  This action is also brought pursuant to the Federal

COMPLAINT
-1-

1  Declaratory Judgment Act (28 U.S.C. § 2201 et seq.) in a case of
2  actual controversy between plaintiff and defendant, and for a Judgment
3  that defendant pay fringe benefit contributions in accordance with its
4  contractual obligations.

5      2.  Plaintiff is an organization incorporated and in good
6  standing under the laws of the State of Washington.  Plaintiff has
7  qualified to do business and is doing business in the State of
8  California, and its principal place of business in California is in
9  Daly City, San Mateo County.  Plaintiff is the administrator of the
10 WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND and has been
11 directed and authorized by the Trustees of said Trust Fund to bring
12 this action for and on behalf of the Trustees of said Trust Fund.  The
13 WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND will hereinafter
14 be referred to as the "TRUST FUND".  The Agreement and Declaration of
15 Trust, dated April 26, 1955 (hereinafter referred to as the "Trust
16 Agreement"), which Trust Agreement established the TRUST FUND sets
17 forth the provisions governing the maintenance of the TRUST FUND
18 pursuant to the applicable requirements of Section 302 of the Labor
19 Management Relations Act of 1947 (29 U.S.C. § 186) as amended.

20     3.  Plaintiff is informed and believes and thereupon
21 alleges that defendant, COASTSIDE SCAVANGER COMPANY, a California
22 corporation, doing business as COASTSIDE/SEACOAST DISPOSAL CO.,
23 resides and does business in Pacific, a California.  Performance of
24 the obligations to pay fringe benefits set forth in the collective
25 bargaining agreement is in this judicial district. ERISA specifically
26 authorizes Trust Funds to bring this action in the district where the
27 plans are administered, 29 U.S.C. §1132(e)(2); the plan is
28 administered in the Northern District of California.

COMPLAINT
-2-

4. Each and every defendant herein is the agent of each and every other defendant herein. Defendants and each of them are engaged in commerce or in an industry affecting commerce.

5. At all times pertinent hereto defendant was bound by a written collective bargaining agreement with Teamsters Local Union No. 350, a labor organization in an industry affecting commerce. The aforesaid agreement provides that defendant shall make contributions to the WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND on behalf of defendant's employees on a regular basis, and that defendant shall be bound to and abide by all the provisions of the Trust Agreement above referred to.

6. The TRUST FUND relies upon a self reporting system. Defendant has unique knowledge of the amounts of contributions that it is liable to pay each month, and has a fiduciary obligation to accurately report the amount to the TRUST FUND.

7. Defendant has breached both the provisions of the collective bargaining agreement and the Trust Agreement above referred to by failing to complete and send in monthly reports and/or to pay all moneys due thereunder on behalf of defendant's employees to the TRUST FUND. Said breach constitutes a violation of ERISA (29 U.S.C. 1002, et seq.) and of the National Labor Relations Act of 1947.

8. Defendant has failed and refused to pay in a timely manner since May 1, 2008. Pursuant to the terms of the collective bargaining agreement, there is now due, owing and unpaid from defendant to the TRUST FUND contributions for hours worked by covered employees (Pension Account 315647) for the month of May 2008, June 2008, and July 2008 and liquidated damages and interest which are specifically provided for by said agreement. The total amount due is

1  unknown at this time; additional monthly amounts may become due during
2  the course of this litigation and in the interest of judicial economy,
3  recovery of said sums will be sought in this case.  Interest is due
4  and owing on all principal amounts due and unpaid at the legal rate
5  from the dates on which the principal amounts due accrued.  The total
6  amount due in this paragraph is unknown at this time, except to the
7  defendant.

8          9.  Demand has been made upon said defendant, but defendant
9  has failed and refused to pay the amounts due the TRUST FUND or any
10 part thereof; and there is still due, owing and unpaid from defendant
11 the amounts set forth in Paragraph 8 above.

12         10.  An actual controversy exists between plaintiff and
13 defendant in that plaintiff contends that the TRUST FUND is entitled
14 to a timely monthly payment of trust fund contributions now and in the
15 future pursuant to the collective bargaining agreement and the Trust
16 Agreement, and defendant refuses to make such payments in a timely
17 manner.

18         11.  The TRUST FUND does not at this time seek to audit the
19 books and records of defendant.  The only issue raised in this
20 complaint is defendant's failure to complete and file voluntary
21 monthly reports and pay the contributions due.  The TRUST FUND seeks
22 to obtain a judgment for any outstanding delinquent contributions
23 based on defendant's reports and to reserve the right to audit
24 defendant for this or any other unaudited period.

25         12.  The Trust Agreement provides that, in the event suit is
26 instituted to enforce payments due thereunder, the defendant shall pay
27 court costs and a reasonable attorneys' fee.  It has been necessary
28 for plaintiff to employ ERSKINE & TULLEY, A PROFESSIONAL CORPORATION,

1 | as attorneys to prosecute the within action, and a reasonable
2 | attorneys' fee should be allowed by the Court on account of the
3 | employment by plaintiff of said attorneys.
4 |    WHEREFORE, plaintiff prays:
5 |    1. That the Court render a judgment on behalf of plaintiff
6 | for all contributions due and owing to the date of judgment based upon
7 | unaudited reporting forms, plus liquidated damages provided for by the
8 | contract, interest at the legal rate, reasonable attorneys' fees
9 | incurred in prosecuting this action and costs.
10 |    2. That the Court enjoin the defendant from violating the
11 | terms of the collective bargaining agreements and the Trust Agreement
12 | for the full period for which defendant is contractually bound to file
13 | reports and pay contributions to the TRUST FUND.
14 |    3. That the Court reserve plaintiff's contractual right to
15 | audit defendant for months prior to judgment, and in the event of such
16 | audit, collect any additional sums which may be due.
17 |    4. That the Court retain jurisdiction of this cause pending
18 | compliance with its orders.
19 |    5. For such other and further relief as the Court deems
20 | just and proper.
21 |    Dated: August 26, 2008
22 |         ERSKINE & TULLEY
23 |
24 |         By: _____
25 |           Michael J. Carroll
          Attorneys for Plaintiff

COMPLAINT
-5-